CHARLES H. TIBBITS, Respondent, *v.* JULIUS M. COHEN,
Appellant, Impleaded with FRANK KLEIN, Respondent,
Appellant, and CARLO FLORIO and S. H. GRAHAM, INC.,
Respondents.

Second Department, June 22, 1917.

**Contract — building contract construed — substantial performance
— mechanic's lien — foreclosure.**

A building contractor undertook to perform work to conform to architect's
plans and specifications and also to abide by the architect's decision in
the event of any error or difficulty in the specifications. The architect
was discharged and the owner undertook to complete the agreement
substituting himself as his own architect. At a meeting of the parties
to test a heating plant the contractor made a substantial offer for the
substitution of a larger boiler with a further sum for other matters in
issue and the owner after stating that he would take the proposition
under consideration failed to answer the offer and subsequently notified
the general contractor that he considered the contract as abandoned and
would himself complete the same.

In an action to foreclose a mechanic's lien, *held*, that in the circum-
stances there was a substantial performance; that the percentage rule
has no application, and that the lienor was properly decreed what was
equitably due him.

SEPARATE APPEALS by the defendants, Julius M. Cohen, as
owner, and Frank Klein, as contractor, from a judgment of
the Supreme Court in favor of the plaintiff and certain of
the defendants, entered in the office of the clerk of the county
of Westchester on the 10th day of June, 1916, upon the
decision of the court after a trial at the Westchester Special
Term, in an action to foreclose a mechanic's lien.

The liens grew out of the removal and remodeling of a dwell-
ing house, including excavation of cellar, with installation of
plumbing and heating fixtures, and the erection of a garage on
Dearborn avenue in Rye, N. Y. Frank Klein was the general
contractor. Four subcontractors, including the plaintiff Tib-
bits, also filed liens for their work and materials furnished.
Although Klein's notice of lien claimed $4,466.65, this embraced
the amounts claimed by his subcontractors, which the court
found aggregated $1,454.17. In the judgment, however, Klein
was decreed the sum of $2,850, from which was taken the

sums payable to the subcontractors, leaving as Klein's net recovery $1,395.83. On this appeal the owner maintained that substantial performance had not been shown, so that Klein's recovery should be wholly reversed. On behalf of Klein it was urged that his gross recovery should have been $3,995, with interest, instead of $2,850.

*Elwood J. Harlam* [*William Baruch* with him on the brief], for the appellant Cohen.

*Peter Klein,* for the appellant Frank Klein.

PER CURIAM:

The record presents a situation where a building contractor undertook a job to conform to architect's plans and specifications, also to abide by the architect's decision in the event of any error or difficulty in the specifications. Within about a month the architect named was discharged, and the owner undertook to carry forward the enterprise, substituting himself as his own architect. We are satisfied that substantial justice has been done by the decree. In view of the disallowance in the decree of $1,145 out of a total of $9,482.80 (about twelve per cent), the owner urges that such a ratio of incomplete work should forbid a finding of substantial performance. However, on December 13, 1914, as the parties had met to hold a test of the heating plant, the contractor made a substantial offer towards the substitution of a larger boiler, with a further sum for other matters in issue. The owner stated he would take this proposition under consideration, and thereupon the work was suspended. Without any answer to that offer, the owner, however, on January 27, 1915, notified Mr. Klein that he considered the contract as abandoned, and that he would himself complete the same by employing other contractors. In that situation, we think the percentage idea has no application, and that the lienor was properly decreed what was equitably due him.

The judgment should be affirmed, but as both parties have appealed, the affirmance is without costs.

JENKS, P. J., STAPLETON, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Judgment affirmed, without costs.